IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| VS. | § § § | CIVIL ACTION NO. H-99-2857 |
| DUNBAR ARMORED, INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

United States Courts
Southern District of Texas
ENTERED

JUN 2 2 2000

Michael N. Milby, Clerk of Court

## **CONSENT DECREE**

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission") and Defendant, Dunbar Armored, Inc. ("Defendant" or "Dunbar"), agree to entry of this Consent Decree.

### I. **Background and History of Proceedings**

A. Charging Party, Kimberly Ames filed a Charge of Discrimination with the Commission alleging that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII").

B. On September 8, 1999, after investigating the Charge and finding discrimination, the Commission commenced this action alleging that Defendant's conduct toward Kimberly Ames ("Ames"), in subjecting her to sexual harassment and terminating her employment in retaliation for her complaints regarding the

harassment, constituted discrimination on the basis of sex in violation of Section 703 (a) of Title VII. Ms. Ames alleges that Respondent's Branch Manager, Vernon Johnson, sexually harassed her and retaliated against her.

    C. Defendant and Vernon Johnson have denied the allegations of discrimination on the basis of sex.

    D. The parties wish to avoid the risks, uncertainties and expenses of continued litigation. Accordingly, the parties have agreed to settle this lawsuit. Neither Defendant's consent to the entry of this decree nor any of the terms set forth in it shall constitute or be construed as an admission of any Title VII violation, nor shall this Consent Decree be admissible in any proceeding involving Dunbar other than a proceeding in which Dunbar's compliance with this Consent Decree is at issue. Furthermore, Dunbar expressly denies that it has either discriminated against Ms. Ames in violation of Title VII, or retaliated against her in violation of Title VII. Both parties agree that this Consent Decree is being entered into for the sole purpose of compromising disputed claims without the necessity for protracted litigation.

    E. The Commission and Defendant stipulate to the jurisdiction of the Court and the satisfaction of all

2

administrative prerequisites.  The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

IT IS ORDERED that:

1. This Consent Decree is entered in full and complete settlement of any and all actual or potential claims arising out of or asserted in Civil Action No. H-99-2857 and the above-referenced Charge on behalf of Kimberly Ames.

2. Defendant and all of its employees and/or agents associated with it agrees that it will not engage in any employment practices which discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's sex and will not retaliate against any individual who has opposed any practice made an unlawful employment practice under Title VII or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

3. Defendant and all of its employees and/or agents associated with it agrees that it will not engage in any employment practice which discriminates against employees because of their sex in violation of Title VII.

3

4. On an annual basis Dunbar Armored, Inc. shall provide a program on employment discrimination, including the law relating to sex discrimination, to all employees or other persons working at its Houston, Texas location. The first such training shall be completed not later than August 1, 2000. Written acknowledgment of receipt of the training shall be obtained by Defendant from all individuals attending the training and retained among the employment records of Defendant, and the fact of acknowledged attendance at eh first such training conducted subsequent to the entry of this Consent Decree shall be sent to the EEOC within one month of completion of the training.

5. Dunbar Armored, Inc. agrees that its equal employment opportunity policy shall continue to include a declaration that Federal law prohibits discrimination against any employee or applicant for employment because of the individual's sex, race, color, religion, national origin, age or disability with respect to compensation, hiring or other terms, conditions or privileges of employment. It will also identify by name, address and telephone number, the person to whom complaints about discrimination shall be made.

6. Dunbar Armored, Inc. agrees that it will continue to provide to all current employees or other persons working at its Houston, Texas location, a copy of its employment opportunity policy outlined in the preceding paragraph and to new employees or to other workers during their first work week. Written acknowledgment of receipt of the policy shall be obtained by Defendant from all individuals receiving it and shall be retained among the employment records of Defendant.

7. Defendant agrees that within ten days after entry of this Decree it will conspicuously post the attached notice (Exhibit "A") in an area accessible to all employees or other persons working at the Dunbar Armored, Inc. Houston, Texas location for a period of one year from the date the decree is signed.

8. Not later than June 1, 2000, Defendant agrees that it will issue a written notice to Vernon Johnson stating that his continued employment with Defendant is contingent upon Vernon Johnson's strict compliance with Defendant's policy prohibiting sex discrimination. Written acknowledgment of receipt of the written notice shall be obtained by Defendant from Vernon Johnson and shall be submitted to the EEOC not

5

later than July 1, 2000.

9. Defendant agrees that it will provide neutral job references for Kimberly Ames. All requests for information regarding her by potential employers shall be directed to either Gretchen Benchoff, Vice President, Human Resources, or Michael DiMaggio, Director of Employee Relations, or his or her successor or replacement only. The references shall provide Kimberly Ames' name, dates of employment and job title. All referrals for reference shall be made to either Gretchen Benchoff, Vice President, Human Resources, or Michael DiMaggio, Director of Employee Relations, or his or her successor or replacement only.

10. Defendant agrees to pay a confidential monetary settlement in full and final settlement of the EEOC's lawsuit to provide monetary relief to Kimberly Ames. Said sums shall be paid within thirty (30) days from the date the Consent Decree is executed by the Court. The EEOC shall notify Dunbar Armored, Inc., not later than June 1, 2000 of the address to which the check will be mailed. A copy of the check disbursed to Kimberly Ames shall be mailed to the EEOC's undersigned counsel of record. Neither Dunbar Armored, Inc. nor Kimberly Ames shall disclose the amount of

6

the monetary settlement unless compelled to do so by judicial subpoena or order. Ms. Ames shall be permitted to disclose the nature of said settlement to her immediate family, accountant, or lawyer.

11. Each party to this action shall bear their own costs and attorney's fees.

12. This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest, and Defendant will notify all such successors-in-interest of the existence and terms of this Consent Decree.

13. This Decree shall remain in effect for one year from the date of signing. During the period that this Decree shall remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The EEOC is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein. Defendant must provide notice to the EEOC in the event that it is sold regardless of whether the buyer is referred to as Defendant's successor.

14. Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under

7

Title VII or any other statute which the Commission enforces in the future for any alleged violations by Defendant not resolved by this Decree.

15. Neither Ms. Ames, Dunbar Armored, Inc., nor the Houston District Office of the EEOC shall initiate any media coverage concerning the substance of the matters embodied within or arising out of this Consent Decree. In the unlikely event that the Houston District Office of the EEOC is contacted by the media regarding this Decree, the Houston District Office will respond truthfully to media inquiries. Response to a media inquiry by the Houston District Office of the EEOC shall not constitute a breach of this Decree by Kimberly Ames and shall not entitle Dunbar to recover any monetary sums paid to Ms. Ames pursuant to this Decree.

16. Each signatory certifies that s/he is authorized to execute this document on behalf of the party or parties whom s/he represents.

Signed this 21st day of June, 2000 at Houston, Texas.

_____
NANCY ATLAS
United States District Judge

8

AGREED AND CONSENTED TO:

| ATTORNEY FOR DEFENDANT | ATTORNEY FOR PLAINTIFF |
| DUNBAR ARMORED, INC. | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |

_____   _____
Howard K. Kurman                  Nancy E. Murphy
OFFIT, KURMAN & ALMS, P.A.        Trial Attorney
8 Park Center Court, Suite 200    1919 Smith, 7th Floor
Owings Mills, Maryland            Houston, Texas  77002
Telephone: (410)356-6000          Telephone: (713) 209-3405
Facsimile: (410)356-0602          Facsimile: (713) 209-3402

9